OPINION OF THE COURT
Roger J. Miner, J.
In this proceeding in the nature of mandamus pursuant to CPLR article 78 petitioner seeks judgment "compelling respondents to respond to petitioner’s application to amend its certificate of incorporation in compliance with Not-for-Profit *495 Corporation Law sections 404 and 804.” Respondents move for dismissal of the petition upon an objection in point of law.
Pursuant to notice dated May 31, 1979 respondent Attorney-General was notified that the petitioner’s application for amendment of its certificate of incorporation would be presented to a Justice of the Supreme Court, New York County, at Special Term, Part II, on June 14, 1979 at 9:30 a.m. No representative of the Attorney-General appeared at that time and the Attorney-General’s office failed to forward the usual pro forma letter of consent. Apparently, the court refused to consider the application. By notice dated September 17, 1979, the Attorney-General again was notified that the application would be presented to a Justice of the Supreme Court for approval. On September 28, 1979, at 9:30 a.m., at Special Term, Part II, New York County, the date, time and place specified in the notice, petitioner’s attorney appeared but no representative of the Attorney-General was present and, again, no letter of consent was forthcoming. Petitioner’s attorney had telephoned the antimonopoly bureau of the Attorney-General’s office on the preceding day and asked that a representative of that office be present.
The Justice presiding on September 28, 1979 refused to approve the application and it appears that petitioner’s attorney was advised by the court that the application should be made at a Special Term devoted to contested matters. Petitioner’s attorney makes the following allegations: "Clearly, the attorney general may or may not comment relative to any application for amending a not-for-profit corporation certificate of incorporation. In the absence of any comment the Court must presume that the attorney general does not have any legitimate objections and does not possess any information that might cause such a certificate to be disapproved. In fact, the attorney general does not possess any information of a derogatory nature and should have issued the pro forma consent letter.”
According to the affidavit of an Assistant Attorney-General, the pro forma waiver of notice was not affixed to petitioner’s application because there was not included in the proposed certificate language indicating that petitioner would not engage in violations of State antitrust laws. Evidently, such language is recommended by the Attorney-General’s office in all cases involving trade associations whose membership is composed of competitors. The Attorney-General’s office also *496 suggested certain technical changes in the proposed amendment and, upon rejection of the suggestions and recommendations, "preserved its statutory right by not waiving notice under § 404 (a).”
The motion to dismiss will be granted. Mandamus does not lie in the absence of a showing that the Attorney-General failed to perform a duty enjoined upon him by law. (23 Carmody-Wait 2d, NY Prac, § 145:113.) There is no statutory provision or other requirement that the Attorney-General furnish a waiver or consent in connection with the approval of an amendment to the certificate of incorporation of a not-for-profit corporation. In the case of petitioner, a trade or business association, there only must be given to the Attorney-General 10 days’ written notice that a request for such approval will be presented to a Justice of the Supreme Court of the Judicial District in which the office of the corporation is to be located. (Not-For-Profit Corporation Law, § 804, subd [a]; § 404, subd [a].) Presumably, the failure of the Attorney-General to appear after proper service of the notice should result in the court’s approval of the application in the absence of some apparent defect in the certificate.